IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MOUNTAIN GLACIER LLC )<br>)<br>v.  ) No. 3-16-0996<br>) Judge Campbell<br>NESTLE' WATERS NORTH )<br>AMERICA, INC. ) | |

MEMORANDUM

Pending before the Court is Nestle' Waters North America, Inc.'s ("Nestle") Motion to Withdraw the Reference (Docket No. 1). For the reasons stated herein, the Motion to Withdraw the Reference is DENIED.

INTRODUCTION

Prior to the commencement of Mountain Glacier LLC's ("Debtor") Chapter 11 bankruptcy case, the Debtor and Nestle were parties to an arbitration administered by the Judicial Arbitration and Mediation Services in Chicago, Illinois ("the Arbitration"). After confirmation of the Debtor's Chapter 11 Plan by the U.S. Bankruptcy Court, the Debtor sought to pursue further its claims asserted against Nestle in the Arbitration. Nestle has argued that the Arbitration should be dismissed because the Confirmation Order was *res judicata* on determination of the claims in the Arbitration.

This adversary proceeding seeks a declaratory judgment as to whether the Debtor retains a cause of action against Nestle following confirmation of the Debtor's Reorganization Plan or whether its cause of action against Nestle is subject to *res judicata* by entry of the Confirmation Order by the U.S. Bankruptcy Court. In other words, the issue is whether the Debtor's claims against Nestle are preserved in the Debtor's Confirmation Plan.

ANALYSIS

The district court *shall* withdraw an adversary proceeding "if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). The district court *may* withdraw, in whole or in part, any adversary case or proceeding from the bankruptcy court on its own motion or on timely motion of any party, for cause shown. *Id*.

The "cause" standard in the non-mandatory withdrawal provision is a high one. *In re Washington Mfg. Co.*, 133 B.R. 113, 116 (M.D. Tenn. 1991). In addition, the district court retains ample discretion in making the decision to withdraw the reference. *Nukote Int'l, Inc. v. Office Depot, Inc.*, 2009 WL 3840382 at * 3 (M.D. Tenn. (Nov. 16, 2009) (citing *In re Enron Corp.*, 295 B.R. 21, 25 (S.D. N.Y. 2003)). In other words, the Movant "must meet a high bar in order to justify permissively removing a matter from the capable hands of the Bankruptcy Court." *In re Church Street Health Mgmt. Corp.*, 2012 WL 403591 at * 2 (M.D. Tenn. Sept. 10, 2012).

In *In re White Motor Corp.*, 42 B.R. 693, 703 (N.D. Ohio 1984), the court held that the motion to withdraw the reference would be granted only if the current proceedings before the bankruptcy court could not be resolved without "substantial and material consideration" of non-Code provisions. *Id*. at 704. In *In re Southern Industrial Mechanical Corp.*, 266 B.R. 827 (W.D. Tenn. 2001), the court held that withdrawal is mandatory only when substantial and material consideration of non-bankruptcy code law is necessary for resolution of the case. "The mere fact that a bankruptcy court must consider non-bankruptcy statutes in order to resolve a dispute is not grounds for mandatory withdrawal." *Id*. at 831 and 833; *see also In re Maynard*, 2016 WL 1449459 at * 2 (S.D. Ohio April 13, 2016) (same). In *Prince v. Countrywide Home Loans, Inc.*, 2008 WL 4572545 (M.D. Tenn. Oct. 8, 2008), this Court held that to withdraw the reference, the plaintiffs

must show that substantial and material consideration of non-bankruptcy statutes is necessary for resolution of the dispute.

Nestle asserts that this matter is a "non-core" proceeding; the Debtor disagrees.[1] The Court finds that this matter is a "core proceeding" because it involves interpretation of the Chapter 11 Reorganization Plan and Confirmation Order to determine whether the Debtor's claims against Nestle are preserved.[2] In other words, deciding this dispute would require the Court to interpret another court's Order, which this Court, under these circumstances, declines to do.

For this reason, the Court is not required to withdraw the reference under the mandatory provision of Section 157(d), and the Court declines to withdraw the reference under the non-mandatory provision of Section 157(d). Nestle's Motion to Withdraw the Reference (Docket No. 1) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[1] Although the Debtor's Complaint for Declaratory Judgment asserted that the matter was non-core, its Amendment to Complaint for Declaratory Judgment corrected that "inadvertent error."

[2] In any event, the statute provides that the *bankruptcy judge* shall determine whether a proceeding is a core proceeding or a proceeding otherwise related to a case under Title 11. 28 U.S.C. § 157(b)(3).